

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXX

Hon. Cecil H. Tate          Opinion No. O-2789
County Attorney            Re:  Requirement of poll tax payment
Bailey County                   to vote in the general election.
Muleshoe, Texas

Dear Sir:

Your letter of September 26, 1940, requests a legal opinion from this Department in answer to the question stated by you as follows:

"Can a party, who is otherwise qualified, but has not paid his poll tax, as required by State Law, vote in the General Election, on November 5, 1940, for either the State or National officers?"

We assume that the individual in question is subject to the payment of a poll tax under the laws of Texas.

Section 2 of Article VI of the Constitution of Texas reads in part as follows:

"Every person subject to none of the foregoing disqualifications, who shall have attained the age of twenty-one years, and who shall be a citizen of the United States and who shall have resided in this state one year next preceding an election and the last six months within the district or county in which such person offers to vote, shall be deemed a qualified elector; . . . and provided further, that any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election. . . ." (Emphasis ours)

Article 2955 of the Revised Civil Statutes of Texas embodies the same provisions as Section 2 of Article VI of the Constitution, relating to the question at hand.

In the case of Powell v. City of Baird, 128 S.W.(2d) 786, 788, 789, the Supreme Court of Texas declared:

"It will be noted that this poll tax provision is all-embracing, and covers all elections in this State. . . .

"Reverting to Section 2 of Article VI of our Constitution, supra, we find that it, in very plain and simple language, disqualifies as a voter, at all elections, every person who is subject to the payment of a poll tax 'under the laws of the State of Texas' unless such person has paid such poll tax by a certain named date. Simply stated, under the terms of this constitutional provision, no person subject to a poll tax is qualified to vote at any election in this State unless he has paid such tax before February 1st next preceding such election. . . ."

Accordingly, you are respectfully advised that a person, who is otherwise a qualified elector, but who is subject to the payment of a poll tax under the laws of the State of Texas, may not vote in the general election on November 5, 1940, for either State or National officers unless he has paid such tax in the manner and at the time required by the laws of Texas.

Yours very truly
ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley
Zollie C. Steakley, Assistant

APPROVED OCT 3, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

ZCS:BHB:wb